IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Winfried Bullman, | ) | Case No. 6:24-cv-03231-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Siemens Industry, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's motion for summary judgment. ECF No. 24.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report").  The Magistrate Judge issued a Report recommending that Defendants' motion be granted.  ECF No. 32. Plaintiff filed objections and Defendant filed a reply.  ECF Nos. 37, 40.  A hearing on this matter was held on September 25, 2025.  ECF No. 41.  Accordingly, this matter is ripe for review.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Plaintiff brings claims for retaliation under the Age Discrimination in Employment Act ("ADEA") and tortious interference with a contract.[1]  As stated above, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted.  Because objections have been filed, the Court's review has been de novo.

### ADEA Retaliation

The Magistrate Judge analyzed this claim under the *McDonell Douglas* framework.[2]  ECF No. 32.  He determined that Plaintiff engaged in protected activity, that Plaintiff failed to present evidence sufficient to create a genuine issue of material fact as

---

[1] Plaintiff has voluntarily withdrawn his claim for defamation.  ECF No. 27 at 1.

[2] While Plaintiff initially opted to proceed under a direct evidence theory as well as a circumstantial evidence theory, Plaintiff accepts the Magistrate Judge's assessment that there is no direct evidence of retaliation in this case.  ECF Nos. 32 at 7–9; 37 at 2.

to whether he suffered an adverse employment action, that Plaintiff failed to establish that there was a causal link between the protected activity and the adverse employment action, and that Plaintiff failed to forecast evidence of a genuine issue of material fact that Defendant's legitimate, nonretaliatory reason was pretextual.[3]   The Court will address Plaintiff's objections in turn.

Plaintiff contends that there is "powerful circumstantial evidence" that Defendant's decision to withdraw from the project with SAT Sterling ("Sterling") at BMW was motivated solely by Plaintiff's prior lawsuit against them for age discrimination.  ECF No. 37 at 2. Plaintiff contends that Defendant's representative, Nathanial Pierce, referenced Plaintiff's prior litigation in emails with Christian Chmiel-Hill, a representative for Sterling.  Thus, Plaintiff asserts that there is evidence that his prior lawsuit was the only reason that Defendant declined to do business with him and his business partner; he states that this is sufficient to survive summary judgment.  He further contends that the Magistrate Judge discounted this evidence, which "influenced the . . . application of the *McDonnell Douglas* proof paradigm."  ECF No. 37 at 3.

---

[3] Under the burden shifting framework, a plaintiff must establish a prima facie case of retaliation. If a prima facie case is established, a rebuttable presumption is created that the defendant unlawfully retaliated against him. Once this presumption has been established, the burden of production shifts to the defendant to show a legitimate, non-retaliatory reason for its actions. If the defendant shows a legitimate, non-retaliatory reason for its actions, the burden is then on the plaintiff to come forward with evidence that the defendant's asserted reasons for its actions are a mere pretext for its true retaliatory motives. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981).

To the extent that this argument constitutes a specific objection rather than a general disagreement with how the Magistrate Judge analyzed this case, the Court finds that there is no indication that the Magistrate Judge discounted this evidence.  This email was discussed in the Report and was considered by the Magistrate Judge and by the undersigned.  *See* ECF No. 32 at 3–5.  Accordingly, this objection is overruled.

Turning to the adverse action prong, Plaintiff contends that there were two adverse actions: Defendant's withdrawal of its quote from Sterling and the deactivation of his BMW badge.  With respect to Defendant's quote withdrawal, Plaintiff argues that a jury could conclude that Pierce's email correspondence referencing the prior legal action was intended to injure Plaintiff by denying him a business opportunity to work on the BMW project with Sterling.  He further asserts that the Magistrate Judge's conclusion that Sterling could have continued its work with BMW without Plaintiff or Defendant  does not negate the evidence that Defendant intended to influence Sterling from working with Plaintiff because he had previously sued Defendant.   He asserts that the Magistrate Judge improperly failed to focus on Plaintiff's lost business opportunity.  ECF No. 37 at 3–4.

As an initial matter, the Court agrees with the Magistrate Judge  that, while not directly on point, cases regarding retaliation based upon job references are instructive here.  As recognized by the Magistrate Judge, those cases have held that "providing neutral, true information in response to a prospective employer's inquiry cannot support an adverse action." ECF No. 32 at 11.  Here, approximately two years after the protected activity, Defendant withdrew from the BMW project without explanation.   When

4

questioned, Defendant stated that it withdrew due to prior litigation between itself and one of Sterling's representatives.  While Plaintiff was identifiable based upon this information, the information itself was true and neutral.  There is no indication or evidence that Defendant sought to prevent Sterling or BMW from working with Plaintiff.  Therefore, the Court agrees with the Magistrate Judge's conclusion that "a reasonable employee would not be dissuaded from initiating an age discrimination lawsuit because of the possibility that an employer might seek to avoid doing business with him years later."  ECF No. 32 at 12.  *See also Allen v. Radio One of Tex. II, L.L.C.,* 515 F. App'x 295, 302 (5th Cir. 2013).

The Magistrate Judge discussed whether Defendant was a preferred contractor and determined that there was no evidence that it was.  ECF No. 32 at 12–13.  The Magistrate Judge then assumed for purposes of this motion that Defendant was a preferred provider but concluded that "it does not follow that Defendant's withdrawal or explanation of its withdraw[al] caused any adverse effect to Plaintiff, as Sterling could have proceeded with the BMW project without Defendant but instead chose to remove Plaintiff."  ECF No. 32 at 13.  Upon de novo review, the Court agrees with the Magistrate Judge.[4]  While Plaintiff asserts that there is evidence of influence, the Court agrees with the Magistrate Judge that there is insufficient evidence in the record to create a genuine

---

[4] Plaintiff has not directly objected to this portion of the Report other than to state that Siemens was a preferred BMW contractor in his discussion of his tortious interference with a contract claim.  *See* ECF No. 37 at 6.

issue of material fact even drawing all inferences in Plaintiff's favor.  Accordingly, these objections are overruled.

With respect to the badge deactivation, Plaintiff asserts that this should be considered an adverse action due to the temporal proximity between Pierce's emails and the badge deactivation.  ECF No. 37 at 4.  Plaintiff has put forth no support for his assertion that temporal proximity on its own should defeat summary judgment as to this claim.  Temporal proximity is generally used in employment cases within the causal connection context.  That is, temporal proximity is used to infer a causal relationship between protected activity and an adverse action.  *See, e.g, Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006).  Here, Plaintiff is attempting to argue that temporal proximity should extend to the causal connection of events where no protected activity is alleged.  The Court is not inclined to do so.  Further, as noted by the Magistrate Judge, there is undisputed evidence in the record that Plaintiff's badge was deactivated because he was on "a do not admit list due to a safety incident at BMW in 2019."  ECF No. 24-2 at 69.  Plaintiff's mere assumption that Defendant is to blame for this action is insufficient to create a genuine issue of material fact.  Accordingly, this objection is overruled.

Plaintiff next argues that the Magistrate Judge improperly focused on the time between the initial lawsuit and the adverse action in determining that there was insufficient evidence of a causal link between the events.  He asserts that Pierce stated in his emails that Plaintiff's prior litigation was the reason for the adverse actions.  ECF No. 37 at 4. The Magistrate Judge found that there was an approximately two-year lapse between the

protected activity and any alleged adverse action. The Magistrate Judge determined that

this was too attenuated to satisfy the causal connection prong of the prima facie case.

Because the Court has determined that there is insufficient evidence of adverse action,

the Court declines to reach this issue.

Plaintiff contends that the same statement by Pierce also establishes pretext. ECF

No. 37 at 5. As explained in more detail by the Magistrate Judge, the evidence in the

record supports a finding that Defendant has produced a legitimate, non-retaliatory

reason for its actions and Plaintiff has failed to produce evidence demonstrating that this

explanation is mere pretext for retaliation. Accordingly, Plaintiff's objection is overruled.

**_Tortious Interference with a Contract_**

The Magistrate Judge recommended finding that Plaintiff failed to create a genuine

issue of material fact as to the intentional procurement of a breach or the absence of

justification elements in a tortious interference with a contract claim.[5] Plaintiff objects and

argues that he "clearly had an ongoing business relationship with Sterling that is sufficient

to constitute a 'contract' without a formal written document establishing its terms." ECF

No. 37 at 6 (footnote omitted). Plaintiff argues that the Pierce's "emails and testimony

would allow a jury to conclude that the only reason [Defendant] was refusing to do

business with Sterling, on a project where [Defendant] was a preferred BMW contractor,

was because Plaintiff had previously sued [Defendant] for age discrimination and

---

[5] The elements of a cause of action for tortious interference with a contract are as follows: "(1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." _Hall v. UBS Fin. Servs. Inc._, 866 S.E.2d 337, 344 (S.C. 2021).

7

because he was working with Sterling." ECF No. 37 at 6. He asserts that Defendant was free to withdraw its bid but not in an effort to dissuade Sterling from doing business with Plaintiff or in retaliation for his previous lawsuit.

As to the intentional procurement of a breach element, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate that Defendant's withdrawal of its bid was designed to influence or induce Sterling to remove Plaintiff from the BMW project. Nor is there sufficient evidence to create a genuine issue of material fact that Plaintiff's contractual relationship with Sterling at BMW would have continued but for Defendant withdrawing the bid. Finally, even if Defendant's conduct had interfered with Plaintiff's contract, there is no evidence that Defendant lacked justification. As noted by the Magistrate Judge, "[a] party is justified . . . when acting in the advancement of its legitimate business interests or legal rights." ECF No. 32 at 17 (quoting *BCD LLC v. BMW Mfg. Co.*, 2010 WL 64888, at *5 (4th Cir. Jan. 8, 2010)). Defendant had a right to contract and there is no evidence that its decisions were motivated by an improper purpose. Accordingly, Plaintiff's objections are overruled and summary judgment is granted as to this claim.[6]

---

[6] The Court notes Plaintiff's request that, even if the Court granted Defendant's motion as to the ADEA retaliation claim, his state law claim be remanded. The Court has jurisdiction over the state law claim through supplemental jurisdiction. The Court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, the Court finds that the relevant factors weigh in favor of retaining supplemental jurisdiction. There is no unfairness to the parties because they have had a

**CONCLUSION**

Based on the foregoing and upon review of the record, the applicable law, and the

Report, the Court agrees with the recommendation of the Magistrate Judge.  Defendant's

motion for summary judgment [24] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 30, 2025
Spartanburg, South Carolina

---

full opportunity to brief and argue this issue, and the interests of judicial economy favor
retaining jurisdiction.  Therefore, this request is denied.